Co wen, J. dissenting.
The 23d section declares that judgments may be entered arid perfected either in term or vacation. The 24th section declares that “ writs of fi. fa. may be issued and tested at any time in term or vacatiori, after the expiration of thirty days from the entry of such judgment, and such writs shall be made returnable sixty days from the receipt thereof, &c. and may be made returnable before the justices, &c. without mentioning any particular place,” &c. This statute gives the right to a special fi. fa. on a judgment perfected either in term or vacation ; and with regard to the latter, no doubt the plaintiff, if he proceed by^. fa., must confine himself to the special writ in all cases where the judgment depends upon the statute for its validity. The statute has, quoad hoc, created a new remedy by judgment in vacation and z fi.fa. in a certain form, and must be followed throughout. There is, however, a large class of judgments which are still valid at common law, independent of statute authority, the ordinary writ of fi. fa. upon which is certainly not taken away by any express words of the act in question. Such are all judgments perfected in term, and some in vacation, as, by warrant of at-1 torney to confess judgment. So far from express words, there is no incompatibility between the new statute and the old law respecting judgments in term. The words of the new act are merely permissive, and in respect to judgments in term may well be regarded as cumulative. The expression is, you may have the special execution after thirty days; and I have sought in vain for any implication by which the ancient right of immediate execution in the usual form can be repealed. A coristruction which repeals former statutes or laws by implication is not to be favored in any case; and especially where it is sought to divest a long approved and salutary remedy for the collection of debts, sanctioned both by the statute arid common law. Had the legislature intended to derogate froin the rights of creditors under that law, it was easy to have said So. This they have not done. On the contrary, without raising an implication that they intended any siich thirig, they pass a statute *473 with the evident view of facilitating and hastening remedies for the collection of debts. I am aware of no case or any rule of construction which would warrant us, on a statute expressed as this is, in holding that the former law is repealed. It seems to me that such a construction would be a violation of all rule. The statute has in effect done nothing more as to judgments in term than to give the creditor an election of a special execution, if he choose to take it, instead of the general one.
The only answer to this view of the question urged on the argument was, the clause in the 24th section—“ such writs shall be made returnable sixty days from the receipt thereof by the sheriff,” &c. But this direction may be clearly satisfied by applying it to the sort of writ specially authorized, viz. the anomalous writ which it is before said may be issued and tested at any time. The act, by these words, prescribes the form of the new writ, but does not abolish the old one.
Motion granted.